FILED

**NOT FOR PUBLICATION**

JUN 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ELKE MAGDALENA LESSO, <br><br> Debtor, <br><hr> FUCHS & ASSOCIATES, INC., <br><br> Appellant, <br><br> v. <br><br> ELKE MAGDALENA LESSO, <br><br> Appellee. | No. 13-60077 <br><br> BAP No. 12-1515 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Markell and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted June 4, 2015
Pasadena, California

Before: FISHER, BYBEE and BEA, Circuit Judges.

Fuchs & Associates (Fuchs) appeals the Bankruptcy Appellate Panel's

(BAP) decision affirming the bankruptcy court's order approving the sale of two

properties owned by Elke Lesso and her former husband, Piotr Andrzejewski, free

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and clear of all liens, claims and interest. We have jurisdiction under 28 U.S.C. § 158(d). We "independently review[] the bankruptcy court's rulings on appeal from the BAP," and we affirm. *In re Mantle*, 153 F.3d 1082, 1084 (9th Cir. 1998).

**1.** The bankruptcy court properly concluded Fuchs' claims against the properties were subject to bona fide disputes. *See* 11 U.S.C. § 363(f)(4). Fuchs' $625,000 charging lien against Lesso for alleged unpaid attorney's fees was invalidated by the arbitration award, which has been confirmed by the California Court of Appeal. Fuchs' $375,000 judgment lien against Andrzejewski was invalidated by the California Superior Court, which concluded Fuchs was "not a *bona fide* judgment creditor and . . . not entitled to a Writ of Execution for $375,000 against . . . Andrzejewski."

The $375,000 judgment Fuchs seeks to enforce against Andrzejewski was awarded to Lesso under California Family Code §§ 2030 & 2032 to ensure she had access to legal representation to maintain or defend the dissolution proceeding. Because Lesso does not owe Fuchs any money, Fuchs has no claim to her judgment against Andrzejewski. *See Marquette v. State Bar of Cal.*, 44 Cal. 3d 253, 265 (1988).

**2.** We reject Fuchs' argument that the bankruptcy court improperly invalidated the $375,000 judgment contrary to principles of *res judicata*, collateral

2

estoppel and the *Rooker-Feldman* doctrine.  The bankruptcy court did not determine the validity of the $375,000 judgment.  It simply applied the superior court's order, which invalidated Fuchs' judgment lien.  We also reject Fuchs' argument that Lesso is judicially estopped from disputing the judgment lien because she previously acknowledged in the superior court that it was valid.  The evidence shows only that Lesso consented to Fuchs' attempts, while representing her, to obtain the $375,000 from Andrzejewski on her behalf.

**AFFIRMED.**